IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**AMERICAN AUTOMOBILE ASSOCIATION, INC., A CONNECTICUT CORPORATION,**

    **Plaintiff**

v.

**AAA CAR SALES, INC., a Florida Corporation,**

    **Defendant.**

_____/

CASE NO.:

## **COMPLAINT**

COMES NOW, Plaintiff, American Automobile Association, Inc., ("AAA" or "Plaintiff") a Connecticut Not-for-Profit Corporation, with its principal place of business in Florida, and sues Defendant, AAA CAR SALES, INC., ("AAA Car Sales"), a Florida Corporation, and alleges as follows:

### **INTRODUCTION**

1. This is a civil action for infringement of Plaintiff's federally registered trademark under Section 32 of the Lanham Act, 15 U.S.C. § 1114, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for unfair competition under the common law, arising from Defendant's unauthorized use of Plaintiff's AAA Mark in connection with the marketing and/or selling of auto repair services. As set forth below, through their continued use of the name AAA Mark and Logo, Defendant has willfully infringed Plaintiff's federally registered trademarks and unfairly competed with Plaintiff. These activities will continue unless enjoined by this Court.

1

## PARTIES

2. Plaintiff is a not-for-profit, non-stock corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Seminole County, Florida.

3. On information and belief, Defendant, AAA Car Sales, Inc., is a Florida Corporation with its principal place of business at 10301 NW 27th Avenue, Miami, FL 33147.

## JURISDICTION

4. This Court has jurisdiction over the parties and the subject matter of this action pursuant to 15 U.S.C §1121, and 28 USC §1331, §1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367 because the common law claim alleged is related to the federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper under 28 U.S.C §1391(b)(1) because Defendant resides or actively conducts business in this judicial district, under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to these claims occurred in this district, and under 28 U.S.C. §1391(b)(3), in that Defendant is subject to personal jurisdiction in this district with respect to this action.

## TRADEMARK AT ISSUE

6. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 0,829,265 on the Principal Register in the United States Patent and Trademark Office for the Mark "AAA" ("AAA Mark") for use in connection with:

"Automobile association services rendered to motor vehicle owners, motorists, and travelers generally- namely, obtaining motor vehicle license plates and title certificates; sponsoring school safety patrols; advocating legislation favorable to safe and economical motor vehicle travel,

operation, and maintenance; conducting motor vehicle tests and making tests of automotive and related products; and rating tourist accommodations in International Class 42;

Arranging for discount purchases, collecting damage claims, offering rewards for information and conviction of persons stealing members' automobiles; and placing insurance with underwriters in International Class 35;

Providing bail bond in International Class 36;

Providing emergency road service in International Class 37;

Disseminating travel information and making travel arrangements in International Class 39; and

Teaching motor vehicle operation; conducting traffic and pedestrian safety campaigns and giving traffic safety lessons in International Class 41."

Attached as Exhibit 1 is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 829,265, which was issued by the United States Patent and Trademark Office on October 22, 1965. The registration of the Mark is prima facie evidence of the Mark's distinctiveness and validity and of Plaintiff's exclusive right to use the Mark in connection with the goods recited in the registration. *See* 15 U.S.C. §§ 1507(b), 1115(a) (2006).

7. In addition, Plaintiff possesses all rights, title, and interest in and to the common law rights subsisting in Plaintiff's AAA Mark based on continuous use of the AAA Mark in U.S. commerce by Plaintiff, its members, and authorized service providers since as early as 1965 in connection with various automobile-related services.

## RELEVANT FACTS

8. Plaintiff was founded on March 4, 1902, in Chicago, Illinois consisting of a group of nine motor clubs with 1,500 members.

9. As time went on, the organization started to gain momentum. More clubs across the United States began to join the organization, bringing together thousands of drivers from all corners of the country. To date, there are approximately 47 local clubs in the United States and Canada and 57 million members.

10. Today, automobile-related services, namely roadside assistance, and auto repair services, have become synonymous with Plaintiff and its AAA Mark.

11. In fact, starting in 1915, Plaintiff was the first to introduce service at the roadside for stranded motorists under its AAA Mark. This service remains one of the most valued features of membership, with Plaintiff responding to nearly 30 million calls for roadside assistance each year.

12. In 1975, Plaintiff increased its exposure nationwide by creating its Approved Auto Repair (AAR) program. The AAR program was established to address one of the most frequent consumer complaints—dissatisfaction with reputable and affordable automobile repair shops.

13. Plaintiff licenses AAR facilities to provide services under the AAA Mark and advertise, market, and provide automobile-related services under the AAA Mark.

14. AAR facilities are first-rate shops that regularly meet Plaintiff's stringent, industry-leading standards.

15. Approximately 7,000 auto repair facilities throughout the United States and Canada belong to Plaintiff's AAR program. Thus, millions of people are exposed to the AAA Mark each year.

16. Plaintiff's use of its AAA Mark has continued uninterrupted, and Plaintiff has never abandoned its use of the AAA Mark.

17. Plaintiff has established extensive goodwill in the AAA Mark relating to its

marketing and selling of automobile-related services. The AAA Mark is inherently distinctive to both the public and within the trade, as used in connection with the highest quality of automobile-related services. The AAA Mark primarily serves as a designator of origin for the various automobile-related services marketed and sold by Plaintiff, its members, and authorized service providers.

18. As a result of the widespread and long-term use and display of Plaintiff's AAA Mark, both the public, and the industry, use the AAA Mark to identify and refer to the automobile-related services offered and sold by Plaintiff, its members, and authorized service providers.

19. On or about April 25, 2022, Plaintiff learned of Defendant's unauthorized use of the AAA Mark and AAA Logo in connection with the business, AAA Car Sales, Inc. and the automobile-related services offered.

20. Given the overlap in services provided by Defendant and those provided by Plaintiff, in conjunction with the identical use of the term "AAA," Plaintiff, via counsel, sent a cease and desist letter to Defendant apprising them of Plaintiff's superior and exclusive rights to use the term "AAA" in relation to the goods/services listed in its AAA trademark registration, as well as related goods/services, and that use of the name "AAA Car Sales, Inc." in relation to Defendant's automobile-related services infringed upon Plaintiff's rights in and to the AAA Mark. A true and correct copy of the first cease and desist letter sent to Defendant is attached hereto as Exhibit 2.

21. No response to the first cease and desist letter was received by Plaintiff prompting Plaintiff, once again via counsel, to send a second cease and desist letter to Defendant. A true and correct copy of the second cease and desist letter is attached hereto as Exhibit 3.

22. Confirmation that the second cease and desist letter was successfully delivered to

Defendant was received on September 07, 2022. *See* Exhibit 4, evidencing the same.

23. No response to Plaintiff's second cease and desist letter was ever received by Plaintiff or its counsel, prompting a third and final cease and desist letter to be sent to Defendant. *See* Exhibit 5 attached for a true and correct copy of the third cease and desist letter sent to Defendant pertaining to their infringement of Plaintiff's AAA Mark.

24. No response to the third cease and desist letter was received from Defendant by Plaintiff or its counsel. Confirmation that the third cease and desist letter was successfully delivered to Defendant was received on December 19, 2022. *See* Exhibit 6, evidencing the same.

25. To date, Defendant continues to advertise, market, and/or use the name "AAA Car Sales" in relation to its automobile-related services, trading off of, and benefiting from, the reputation and goodwill Plaintiff has built in the AAA Mark. *See* Exhibit 7 attached, which shows true and accurate depictions from Defendant's business website showing continued use of the name "AAA Car Sales" in Defendant's advertisements as of January 17, 2024, including Defendant's domain name, aaacarsales.net, which includes Plaintiff's AAA Mark. *See* also Exhibit 8 attached.

26. Defendant's infringing acts as alleged herein are likely to cause confusion, mistake, and deception amongst the relevant consuming public as to the source or origin of Defendant's services and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's services originate from, are associated, or affiliated with, or otherwise authorized by Plaintiff.

27. Defendant's acts are willful with the deliberate intent to trade and provide services on the goodwill of Plaintiff's AAA Mark, cause confusion and deception in the marketplace, and divert potential business from Plaintiff and its authorized members and service providers to

Defendant.

28. Defendant's aforementioned unlawful acts have caused, and will continue to cause, damages and irreparable harm to Plaintiff and its AAA Mark, and to the business and substantial goodwill represented thereby, and said acts would continue to damage Plaintiff unless restrained by this Court.

29. Plaintiff has no adequate remedy at law.

30. Plaintiff has retained the services of Beusse Sanks, PLLC and has agreed to pay the attorneys of the firm a reasonable fee.

## COUNT I
## FEDERAL TRADEMARK DILUTION OF THE AAA MARK
### 15 U.S.C. § 1125(c)

31. Plaintiff repeats and reavers each and every allegation as set forth in paragraphs 1 through 30 as though fully set forth herein.

32. The AAA Mark is famous and distinctive.

33. Defendant's unauthorized use of the AAA Mark is likely to dilute the foregoing mark by creating an association arising from the shared identical nature of Plaintiff's AAA Mark and Defendant's business/trade name, AAA Car Sales, Inc., which impairs the distinctiveness of the famous mark and tarnishes the strong and positive reputation associated with the AAA Mark.

34. Defendant seeks to derive a commercial benefit from the value and goodwill associated with the AAA Mark.

35. Plaintiff has requested on three different occasions that Defendant cease use of the infringing AAA Car Sales, Inc. name.

36. Defendant has not complied with that request and has knowingly continued using the name AAA Car Sales, Inc. in the advertisement and promotion of the business, including the

use of the AAA Mark in Defendant's domain name. *See* Exhibit 7 attached, showing continued use of the AAA Car Sales, Inc. and aaacarsales.net domain name by Defendant as of January 17, 2024.

37. Accordingly, Defendant's ongoing infringement of Plaintiff's rights in its AAA Mark has been intentional, in bad faith, and, at a minimum, in reckless disregard for Plaintiff's rights under the Lanham Act.

38. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff and its goodwill and reputation and will continue to damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

39. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs. of the action.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT
**15 U.S.C. § 1114(a)**

40. Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 30 as though fully set forth herein.

41. Defendant's unauthorized use in commerce of the name "AAA" and/or variations thereof as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct, therefore, constitutes trademark infringement, at least one of direct infringement, contributory infringement, or vicarious infringement in violation of Section 32 of the Lanham Act,

15 U.S.C. § 1114.

42.     Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights of the AAA Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

43.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff and its goodwill and reputation and will continue to damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

44.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and cost of the action Under Section 43 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

## COUNT III
## FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a) – Lanham Act §43(a)

45.     Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 30 as though fully set forth herein.

46.     Plaintiff's AAA Mark is entitled to protection under Section 43(a) of the Lanham Act.

47.     Defendant's unauthorized continued use and promotion of its AAA Car Sales name, which is confusingly similar to Plaintiff's AAA Mark, to identify Defendant's goods and services, is willful. Defendant's acts are intended to cause and are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association between Plaintiff and Defendant, or as to the origin, sponsorship, or approval by Plaintiff of Defendant's goods and services.

48.     Defendant's unauthorized continued use of the AAA Mark, confusingly similar

to Plaintiff's AAA Mark, constitutes a false description of the origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

49. Defendant's conduct as alleged herein constitutes unfair competition, at least one of direct, contributory, or vicarious liability for unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Plaintiff has been damaged by Defendant's conduct and will suffer irreparable harm.

51. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

52. Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 30 as though fully set forth herein.

53. Plaintiff is the owner of the AAA Mark at issue, including within the State of Florida.

54. Plaintiff's AAA Mark is inherently distinctive.

55. Defendant is using the name AAA Car Sales, Inc. and the domain name aaacarsales.net in commerce, which is confusingly similar to Plaintiff's AAA Mark, to identify similar goods and services marketed and sold by them, in competition with Plaintiff, in the same trade area where Plaintiff has established goodwill.

56. As a result of Defendant's actions, customer confusion is likely, as to the source or

sponsorship of Defendant's goods and services.

57. Plaintiff has been damaged by Defendant's aforementioned acts, which amount to at least one of direct liability for common law unfair competition.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays this Honorable Court to enter such preliminary and final orders and judgments as are necessary to provide Plaintiff with the following requested relief:

A. Permanent injunctive relief by enjoining Defendant, its officers, employees, and agents, and all persons or entities in active concert with it, from using, displaying, advertising, or selling their goods under, or from otherwise doing business under the AAA Mark and any other confusingly similar alternative or variation thereof, including but not limited to the name "AAA" Car Sales, Inc. and the domain name aaacarsales.net;

B. Order Defendant to terminate and cancel all domain names that contain the AAA Mark and/or similar variations or in the alternative assign all said domain names to Plaintiff;

C. Order the forfeiture and/or destruction of any automobile-related services, automobile upholstery, clothing, printed materials, store signage, advertisements, websites, or any other items or materials containing any variation of the AAA Mark, including AAA Car Sales, Inc.;

D. Order the removal of any and all advertisements, promotions, usernames, hashtags, and like content/ material from all platforms accessible via the Internet, under Defendant's operation or control, which feature the AAA Mark or any similar variation, including but not limited to the name AAA Car Sales, Inc.;

E. Pay damages, actual and/or statutory, as permitted by applicable law, costs of the action, and for an award of attorneys' fees for a finding of an exceptional case, as required by law.

## **DEMAND FOR JURY TRIAL**

Plaintiff, by and through its undersigned attorneys, requests a trial by jury on all issues so triable.

Dated this 1st day of February, 2024.

                                                Respectfully Submitted,
                                                BEUSSE SANKS, PLLC
                                                157 E. New England Ave, Suite 375
                                                Winter Park, FL 32789
                                                Telephone: (407) 644-8888
                                                Facsimile: (407) 926-3200
                                                Email: tsanks@firstiniplaw.com
                                                ***Attorney for Plaintiff, AMERICAN***
                                                ***AUTOMOBILE ASSOCIATION, INC.***

By:      */s/ Terry M. Sanks*
               Terry M. Sanks
               Florida Bar No. 0154430